FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 09/23/04
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROY STEVE DAVIS,                    CIVIL ACTION
    Petitioner                      SECTION "P"
                                    NO. CV04-0618-A
VERSUS

ROBERT TAPIA, WARDEN,               JUDGE DEE D. DRELL
    Respondent                      MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

    Before the court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255, by petitioner Roy Steve Davis ("Davis") on March 10, 2004, and amended on July 6, 2004 (Doc. Item 4). Davis is contesting the validity of his 1990 convictions, by a jury in the Eastern District of Virginia, Alexandria Division, on one count of bank robbery and one count of use of a firearm. An aggregate sentence of 322 months imprisonment was imposed.

    Davis contends in his habeas petition that his counsel was ineffective for failing to file a direct appeal, there is insufficient evidence to support his conviction for use of a firearm pursuant to 18 U.S.C. § 924(c), the trial judge gave an erroneous jury instruction for bank robbery pursuant to Section 2113(d), and the trial judge applied incorrect sentencing guidelines for the manner of use of the gun.

Law and Analysis

Savings Clause

    Davis is attacking his federal conviction and sentence

pursuant to Section 2241. However, Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Virginia district court.

Davis admits in his habeas petition that he filed a previous Section 2255 motion in the Virginia district court. See U.S. v. Davis, 162 F.3d 1156 (4th Cir. 1998)(denied on the merits). Davis filed a prior Section 2255 motion which was dismissed by the district court on Davis' motion for voluntary dismissal. See U.S. v. Davis, 1995 WL 686107, 70 F.3d 113 (4th Cir. 1995). Davis recently filed another Section 2255 motion in Virginia that appears to have been administrative closed, after a divisional transfer, on April 6, 2004. See Davis v. Tapia, No. CV04-200 (E.D.Va., Norfolk Div. 2004), and Davis v. United States, No. CV04-395 (E.D.Va., Alexandria Div. 2004).

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th

Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (U.S. 2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement or other gate-keeping requirements, does not make Section 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the

3

petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

In the case at bar, the court with jurisdiction over a Section 2255 motion by Davis is clearly the court of conviction in Virginia. Davis alleges that he is bringing his Section 2241 proceeding pursuant to the savings clause of Section 2255 in order to attack his federal conviction in this court, but alleges only ineffective assistance of counsel for failing to file an appeal, which does not satisfy the savings clause requirements set forth above, and a Bailey claim which is discussed below.

Davis was convicted on his firearm offense pursuant to Section 924(c)(1). Davis cites Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995) to support his claim of insufficient evidence to

support his conviction. Section 924(c)(1)(A) of Title 18 U.S.C.,[1] states in pertinent part:

> "Except to the extent that a greater minimum sentence is otherwise provided..., any person who during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-...[penalty provisions]."

In Bailey, the Supreme Court held that a conviction for use of a firearm under 18 U.S.C. § 924(c)(1) requires the Government to show "active employment of the firearm."[2] Thus, a defendant cannot be charged under Section 924(C)(1) merely for storing a weapon near drugs or drug proceeds, or for placement of a firearm to provide a sense of security or to embolden. Bousely, 516 U.S. at 144, 148-149, 116 S.Ct. at 506, 508.

The Supreme Court held that Bailey is retroactively applicable on collateral review on May 18, 1998, in Bousley v. U.S., 523 U.S.

---

[1] Section 924(c)(3) defines "crime of violence," in relevant part, as a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person," 18 U.S.C. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person ... may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B).

[2] Active employment includes uses such as brandishing, displaying, bartering, striking with, and firing or attempting to fire the weapon, but does not include mere possession of a firearm. Bousely, 516 U.S. at 144, 148-149, 116 S.Ct. at 506, 508. However, the word "carry" in Section 924(c)(1) includes the carrying of a firearm in a vehicle used to arrive at the point of where a drug transaction is to take place. Muscarello v. U.S., 524 U.S. 125, 139, 118 S.Ct. 1911, 1919 (1998).

5

614, 118 S.Ct. 1604 (1998).[3] Therefore, under the one year limitation period set forth in Section 2255, Davis had one year from May 18, 1998, to file a second Section 2255 motion in the Virginia Court. 28 U.S.C. § 2255.[4] That limitation period is a gate-keeping requirement that does not make Section 2255 inadequate or ineffective so as to justify pursuing Davis' claims through Section 2241. Since Davis' one year limitations period to assert his Bailey claim has expired, he cannot meet the savings clause requirements with his Bailey claim.

Davis has not met the requirements of the savings clause of Section 2255 in order to allege his claims pursuant Section 2241. Since Davis' claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255, Davis' Section 2241 habeas petition should be dismissed.

---

[3] In Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."

[4] Section 2255 states in pertinent part: "A 1-year period of limitation shall apply to a motion under this section. Tha limitation period shall run from the latest of-...(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;...".
See also, Pryor v. U.S., 278 F.3d 612 (6th Cir. 2002)(Section 2255 motion was timely when filed within one year of the Supreme Court's Bousley decision, declaring Bailey retroactive to cases on collateral review).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Davis' Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of September, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE