```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ROY STEVE DAVIS,

        Petitioner,

v.                                           Civil Action No. 5:06CV111
                                                          (STAMP)

JOE DRIVER,

        Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On September 20, 2006, the petitioner, Roy Steve Davis, appearing pro se,[1] filed an application for habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter.

Magistrate Judge Seibert issued a report recommending that the petitioner's application for habeas corpus pursuant to 28 U.S.C. § 2241 be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation. The petitioner filed timely objections. For the reasons that follow, this Court concludes that the magistrate judge's report and recommendation should be adopted in its entirety and that the petitioner's § 2241 petition should be denied and dismissed with prejudice.

II. Facts

The petitioner is currently serving a 262-month period of imprisonment for bank robbery, in violation of 18 U.S.C. § 2113(a), and armed bank robbery, in violation of 18 U.S.C. § 2113(d). He is serving a consecutive five-year sentence of imprisonment for use a firearm in violation of 18 U.S.C. § 924(c). The petitioner did not file a direct appeal of his convictions and sentence. However, he filed two petitions to vacate his sentence under 28 U.S.C. § 2255. The sentencing court, the United States District Court for the Eastern District of Virginia, denied the first petition in September 1997. The second petitioner was denied in 1998. The petitioner's appeals of both habeas proceedings were denied. In his memorandum, petitioner states that he has previously filed a challenge to his convictions and sentence under § 2241.

The petitioner raises four grounds for relief: (1) he received ineffective assistance of counsel because counsel failed to file an appeal; (2) he received ineffective assistance of counsel because his counsel failed to reserve his rights on important issues during the trial, including the failure to challenge the indictment; (3) insufficient evidence was presented at trial to support the

petitioner's § 924(c) conviction; and (4) the trial court incorrectly applied the sentencing guidelines.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court reviews de novo review the matters now before it.

### III. Discussion

The petitioner argues that his counsel's failure to file a direct appeal denied him a fair and reasonable opportunity to litigate his motions for post-conviction relief. He also contends that his trial counsel's failure to challenge his robbery indictments resulted in certain sentencing errors because a bank robbery is a lesser included offense of an armed bank robbery. The petitioner argues, further, that his counsel should have challenged his § 924(c) indictment and conviction because there was no evidence that he actively employed a firearm in relation to the predicate offense under Bailey v. United States, 516 U.S. 137 (1995). Finally, the petitioner argues that he received an unreasonable sentence under 18 U.S.C. § 3553(c) and that the

3

sentencing judge incorrectly applied the sentencing guidelines in light of United States v. Booker, 543 U.S. 220 (2005).

The magistrate judge found that the grounds setting forth claims of ineffective assistance of counsel (grounds one, two and three of the petition) could have been raised in the petitioner's prior habeas petitions or were actually adjudicated on the merits by the United States District Court for the Western District of Louisiana. Thus, the magistrate judge recommended that those claims be denied and dismissed with prejudice as successive and as an abuse of the writ. See McClesky v. Zant, 499 U.S. 467, 483 (1991) (finding that asserting a new claim in a subsequent habeas petition that could have been raised in a prior petition constitutes an abuse of the writ). Further, the magistrate judge found that the petitioner may not pursue his claim under Booker because the United States Court of Appeals for the Fourth Circuit has determined that Booker does not apply retroactively to cases on collateral review. See United States v. Morris, 429 F.3d 65 (2005). Thus, the magistrate judge found that the petitioner did not show that he is entitled to relief under § 2255 or § 2241.

The petitioner filed objections asserting that the ineffective assistance his counsel provided entitles him to relief and that Booker should be applied retroactively. These objections fail to address the legal authority supporting the magistrate judge's recommendations. Accordingly, the petitioner's objections lack merit and are overruled.

Upon a de novo review of the matters before it, this Court concludes that the petitioner's ineffective assistance of counsel claims forming grounds one, two, and three of his § 2241 petition either could have been raised in the petitioner's previously filed habeas corpus petitions or were raised and adjudicated on the merits. Accordingly, those claims must be denied and dismissed with prejudice as impermissible successively filed claims. This Court's de novo review also yields the same conclusion as the magistrate judge regarding the petitioner's Booker claim. Specifically, the petitioner's Booker claim is foreclosed by the Fourth Circuit's opinion in Morris, 429 F.3d at 65.

## IV. Conclusion

For the foregoing reasons, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety, and that the petitioner's objections should be, and are hereby, OVERRULED. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is

entered.  See Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 18, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE